**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANGELLEE KIDD,<br><br>                    Plaintiff,<br><br>          v.<br><br>LOS ANGELES POLICE<br>DEPARTMENT,<br><br>                    Defendant. | Case No. CV 10-0104 VBF (JCG)<br><br>MEMORANDUM AND ORDER *SUA SPONTE* DISMISSING COMPLAINT WITH LEAVE TO FILE AN AMENDED COMPLAINT, IF ANY, WITHIN THIRTY DAYS |

**I.**

**PROCEEDINGS**

On February 1, 2010, plaintiff Angellee Kidd ("Plaintiff"), proceeding *pro se*, filed a civil rights complaint ("Complaint") pursuant to 42 U.S.C. § 1983.  (Compl. at 1.)  Plaintiff also filed a request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, which the Court granted on February 1, 2010.  The only defendant named in the Complaint, the Los Angeles Police Department ("LAPD"), filed an answer on March 10, 2010.  For the reasons stated below, the Complaint is dismissed with leave to file an amended complaint, if any, within thirty (30) days, that is, on or before June 24, 2010.  The LAPD shall file an answer to the amended complaint, if any, within thirty (30) days thereafter.

## II.

## ALLEGATIONS OF THE COMPLAINT

On May 2, 2008, at around 6 p.m., the LAPD executed a search warrant at a Los Angeles area apartment "being rented by Venita Huey" (the "Apartment"). (Compl. at 1.) The LAPD obtained the "search warrant ... in response to drug related activity that had previously taken place at the" Apartment. (*Id.*) Upon entering the Apartment, the LAPD found Plaintiff asleep in a "rear bedroom," and "[s]everal occupants were removed from the [Apartment.]" (*Id.*)

The LAPD's officers "asked [Plaintiff] to go with them outside ... for further questioning and [Plaintiff] complied." (Compl. at 1.) Plaintiff advised the officers her name and current address, and also informed them "that she had a criminal history ...[,] [although] she was not ... on ... probation or parole at [the] time." (*Id.* at 1-2.) "One of [t]he officers ... requested [Plaintiff's] car keys[,]" and after Plaintiff "complied with the ... request[,]" "they collectively began to search [Plaintiff's] vehicle for evidence." (*Id.* at 2.) The officers found money in the glove compartment of Plaintiff's car, "which was confiscated and held by the [LAPD] as evidence in [its] investigation." (*Id.*) Plaintiff told the officers that the confiscated money consisted of her "Social Security benefits and SSI[,]" which she had received from her "appointed payee representative" the day before. (*Id.*) Nevertheless, the officers placed Plaintiff under arrest for the violation of California Health and Safety Code § 11352 ("Transportation, sale, giving away, etc., of designated controlled substances"). (*Id.*)

Plaintiff was transported to the LAPD's "77th Division Detention Facility w[h]ere she was held on $30,000 bail." (Compl. at 2.) Plaintiff made bail the next day and was instructed to appear in court on May 29, 2008. (*Id.*) When she did, the "court clerk" informed Plaintiff "that the Los Angeles County District Attorney's Office had rejected filing on the case." (*Id.*) Plaintiff then "went to the [LAPD's] Southwest Division station to ... [ask] about the return of her personal property[,]" but was told "that she would not be able to obtain her personal property without a court order." (*Id.*

1   at 2-3.)

2       Based upon these factual allegations, Plaintiff contends that the LAPD "had no

3   legal reason or just cause to arrest and detain [Plaintiff,]" and "no legal right to charge

4   [Plaintiff] with a crime."  (Compl. at 3.)  Plaintiff further contends that the

5   "deprivation of [her] property ... occurred as a direct result of an ... affirmatively

6   established or de fact[o] policy, or custom which the state had the power to control."

7   (*Id*. at 3.)  Notably, Plaintiff does not identify any particular officer of the LAPD who

8   allegedly violated her constitutional rights.  (*See generally* Compl. at 1-3.)  Plaintiff

9   seeks $800,000 in monetary damages.  (*Id.* at 3.)

**III.**

**LEGAL STANDARDS**

12      Dismissal for failure to state a claim "can be based on the lack of a cognizable

13  legal theory or the absence of sufficient facts alleged under a cognizable legal theory."

14  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988, *as amended* Feb.

15  27, 1990 and May 11, 1990).

16      Under Federal Rule of Civil Procedure 8, a complaint must contain "a short and

17  plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ.

18  P. 8(a).  While Rule 8 does not require "detailed factual allegations," a complaint must

19  provide "more than labels and conclusions, and a formulaic recitation of the elements

20  of a cause of action will not do[.]"  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555

21  (2007).  "Factual allegations must be enough to raise a right to relief above the

22  speculative level[.]"  *Id.* (internal citation omitted).  Thus, a complaint must contain

23  "enough facts to state a claim to relief that is plausible on its face."  *Id.* at 570.  "A

24  claim has facial plausibility when the plaintiff pleads [enough] factual content [to]

25  allow[] [a] court to draw the reasonable inference that the defendant is liable for the

26  misconduct alleged."  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

27      To state a claim under 42 U.S.C. § 1983, Plaintiff must allege that: (1) the

28  conduct she complains of was committed by a person acting under color of state law;

3

1 and (2) that the conduct violated a right secured by the Constitution or laws of the

2 United States. *Humphries v. County of Los Angeles*, 554 F.3d 1170, 1184 (9th Cir.

3 2009, *as amended* Jan. 15, 2009 and Jan. 30, 2009), *cert. granted in part*, 130 S.Ct.

4 1501 (2010) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)).

## IV.

## DISCUSSION

7       Plaintiff seeks to impose § 1983 liability on the LAPD, a municipality

8 defendant. However, a local government entity "may not be sued under § 1983 for an

9 injury inflicted solely by its employees or agents. Instead, it is when execution of a

10 government's *policy or custom* ... inflicts the injury that the government as an entity is

11 responsible under § 1983." *Monell v. Dep't of Soc. Serv. of N.Y.*, 436 U.S. 658, 694

12 (1978) (emphasis added).[1] Thus, a plaintiff must establish that "the action that is

13 alleged to be unconstitutional implements or executes a policy ..., ordinance,

14 regulation, or decision officially adopted and promulgated by" the municipality, or that

15 the action was "visited pursuant to a governmental 'custom[.]'" *Id.* at 690-691. In

16 other words, a plaintiff must show that "deliberate action[,] attributable to the

17 municipality itself[,] is the 'moving force' behind the plaintiff's deprivation of federal

18 rights." *Bd. of County Comm'rs of Bryan County, Okla. v. Brown*, 520 U.S. 397, 400

19 (1997) (internal citation omitted).

20       Here, as best the Court can reasonably decipher, Plaintiff alleges two bases for

21 her § 1983 claim: (i) an unlawful arrest; and (ii) an unlawful deprivation of property.

22 (Compl. at 3.) However, the Complaint appears deficient in both respects.

23       As to the former, Plaintiff cites no LAPD policy, ordinance, or custom that

24 caused any violation of Plaintiff's constitutional rights. Indeed, with respect to

25 Plaintiff's unlawful arrest claim, Plaintiff fails to identify *any* policy, ordinance, or

26

27       [1]   In *Monell*, the Supreme Court specifically rejected municipality liability based on

28 the doctrine of *respondeat superior*. *Monell*, 436 U.S. at 691.

1  custom that caused the purportedly unlawful arrest.  Moreover, assuming Plaintiff's

2  factual allegations to be true and drawing all reasonable inferences in her favor,

3  Plaintiff's allegations of a false arrest remain wanting.  At this juncture, Plaintiff's own

4  allegations establish that she was found at the epicenter of drug-related activity (along

5  with several others), she had a past history of criminal activity and, following a

6  voluntary consent to search her vehicle, a sum of money was located in her car.

7  Although the prosecuting agency may have ultimately concluded not to prosecute her

8  for a variety of reasons, the probable cause to arrest in the first instance is not

9  automatically extinguished *after the fact*.  Probable cause to arrest exists when the

10  "facts and circumstances within the officers' knowledge are sufficient to warrant a

11  prudent person, or one of reasonable caution, to believe, in the circumstances shown,

12  that the suspect has committed, is committing, or is about to commit an offense."

13  *Menotti v. City of Seattle*, 409 F.3d 1113, 1149 (9th Cir. 2005) (citing *United States v.*

14  *Puerta*, 982 F.2d 1297, 1300 (9th Cir. 1992)).

15          As to the latter, Plaintiff claims that her alleged "deprivation of property ...

16  occurred as a direct result of an affirmatively established or de fact[o] policy, or

17  custom which the *state* had the power to control.  [Plaintiff] did not have access to an

18  adequate *state* post deprivation remedy."  (Compl. at 3 (emphasis added).)  The

19  inadequacy of these allegations is self-evident.  Insofar as Plaintiff is suing a municipal

20  entity, she must identify a municipal, and not *state*, policy that violated her

21  constitutional rights.  *See Monell*, 436 U.S. at 690-691.  Here, the only policy Plaintiff

22  identifies is a policy of the Los Angeles City Clerk's office, not the LAPD's policy:

23

24          [Plaintiff] obtained claim forms [from] the Los Angeles City Clerk's
        office.  However, the claim form indicated a filing window of six months,
25      a limited financial claim amount, and the statu[t]e of limitations on the
        claim form was outside of the scope of the case filing window for the state
26      of California.  The Los Angeles City Clerk's form did not have an
        area/section for addressing constitutional violation[s] of law.

27

28  (Compl. at 3.)  The Court finds that these allegations are also insufficient to state a

5

1 │ *Monell* claim against the LAPD that is plausible on its face.  The allegations fail to

2 │ identify any policy, ordinance, or custom of the LAPD, the only defendant in this

3 │ action, that violated Plaintiff's constitutional rights.  *See Monell*, 436 U.S. at 690-691.

4 │      Accordingly, the Court finds that Plaintiff's entire Complaint must be dismissed

5 │ *sua sponte* for failing to state a claim upon which relief could be granted.  *See* 28

6 │ U.S.C. § 1915(e)(2)(B); *see also Monell*, 436 U.S. at 690-691, 694.

7 │ **V.**

8 │ **LEAVE TO AMEND**

9 │      The Court must construe "pro se pleadings ... liberally ..., particularly where

10 │ civil rights claims are involved." *Balistreri*, 901 F.2d at 699.  But "a liberal

11 │ interpretation of a civil rights complaint may not supply essential elements of the claim

12 │ that were not initially pled." *Ivey v. Bd. of Regents of Univ. of Ala.*, 673 F.2d 266, 268

13 │ (9th Cir. 1982).  Accordingly, *pro se* litigants must be given leave to amend unless it is

14 │ absolutely clear that the deficiencies in a complaint cannot be cured.  *Lucas v. Dep't of*

15 │ *Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (*per curiam*).  As the Court is unable to

16 │ determine whether amendment to the Complaint would be futile, leave to amend is

17 │ granted in an abundance of caution.

18 │      By June 24, 2010, Plaintiff may submit a First Amended Complaint to cure the

19 │ deficiencies discussed above.  If Plaintiff chooses to file a First Amended Complaint, it

20 │ must comply with Federal Rule of Civil Procedure 8, and contain short, plain

21 │ statements explaining:  (1) the constitutional right Plaintiff believes was violated; (2)

22 │ the name of the defendant who violated that right; (3) exactly what that defendant did

23 │ or failed to do; (4) how the action or inaction of that defendant is connected to the

24 │ violation of Plaintiff's constitutional right; and (5) what specific injury Plaintiff

25 │ suffered because of that defendant's conduct.  *See* 42 U.S.C. § 1983; Fed. R. Civ. P. 8;

26 │ *see also Humphries*, 554 F.3d at 1184; *Rizzo v. Goode*, 423 U.S. 362, 371-72 (1976).

27 │      If Plaintiff fails to affirmatively link the conduct of the defendant with the

28 │ specific injury suffered by Plaintiff, the allegation against that defendant will be

1 dismissed for failure to state a claim.  Conclusory allegations that a defendant has

2 violated a constitutional right are not acceptable and will be dismissed.

3        Plaintiff must clearly designate on the face of the document that it is the "First

4 Amended Complaint," and it must be retyped in its entirety on the court-approved

5 form.  The First Amended Complaint may not incorporate any part of the original

6 Complaint by reference.

7        Any amended complaint supercedes the original Complaint.  *Ferdik v. Bonzelet*,

8 963 F.2d 1258, 1262 (9th Cir.), *cert. denied*, 506 U.S. 915 (1992).  After amendment,

9 the Court will treat the original Complaint as nonexistent.  *Id.*  Any claim that was

10 raised in the original Complaint is waived if it is not raised again in the First Amended

11 Complaint.  *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

## VI.

## ORDER

14        1.        Plaintiff's Complaint, filed on February 1, 2010, is **DISMISSED** with

15 leave to amend, pursuant to 28 U.S.C. § 1915(e)(2), for failure to state a claim on

16 which relief may be granted.

17        2.        Plaintiff is given leave to amend and is **GRANTED** up to and including

18 **June 24, 2010**, to file a First Amended Complaint curing the deficiencies discussed

19 above.  Plaintiff is **NOTIFIED** that the First Amended Complaint may not add new

20 claims or new defendants that were not involved in the conduct, transactions, or

21 occurrences set forth in the original Complaint.  Fed. R. Civ. P. 15(c).  The First

22 Amended Complaint shall be retyped so that it is complete in itself without reference

23 to the original Complaint.  After amendment, the Court will treat the original

24 Complaint as nonexistent.

25        3.        If Plaintiff fails to file a First Amended Complaint by June 24, 2010

26 and/or such First Amended Complaint fails to comply with the requirements set forth

27 in this Memorandum and Order, the Court may recommend that this action be

28 dismissed with prejudice.

1    4.    The LAPD shall file an answer to the amended complaint, if any, within

2   thirty (30) days thereafter.

3

4        IT IS SO ORDERED.

5

6   DATED: May 24, 2010

7                                    _____

                                       Hon. Jay C. Gandhi
8                                      United States Magistrate Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

8